**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 7 |
| DON KARL JURAVIN, | Case No. 6:18-bk-06821-KSJ |
| | Case No. 6:20-bk-1801-KSJ |
| Debtor. | *Jointly Administered with* |
| _____/ | Case No. 6:18-bk-6821-KSJ |
| BELLA COLLINA PROPERTY | |
| OWNER'S ASSOCIATION, INC., | |
| | Adversary No.: |
| Plaintiff, | |
| vs | |
| DON KARL JURAVIN, | |
| Defendant. | |
| _____/ | |

**COMPLAINT FOR REVOCATION OF DEBTOR'S DISCHARGE PURSUANT TO SECTION 727 OF THE BANKRUPTCY CODE**

Creditor and Plaintiff, Bella Collina Property Owner's Association, Inc. ("Plaintiff" or "BCPOA"), by and through its undersigned counsel, files this complaint against Debtor and Defendant, Don Karl Juravin ("Debtor"), for the revocation of his discharge pursuant to 11 U.S.C. § 727 (d)(1)-(2) and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and 1334(b).

2. The venue of this proceeding is proper pursuant to 28 U. S. C. §1409.

3. This is a core proceeding pursuant to 28 U. S. C. §157(b)(2).

4.      Plaintiff, as a creditor of Debtor, has standing to bring this action under 11 U. S. C. § 727(e)(1).

## GENERAL ALLEGATIONS

5.      On or about October 31, 2018 ("Petition Date"), the Debtor filed his petition for relief under Chapter 7 of Title 11 of the United States Code.

6.      Plaintiff is a creditor of Debtor by virtue of a Claim of Lien, and Sanctions and Related Attorney Fees and Costs Order entered in the Circuit Court in and for Lake County, Florida as reflected in Plaintiff's Amended Proof of Claim filed February 14, 2020 date (claim number 6-2) in the amount of $401,111.70.

7.      On June 26, 2020 the Court entered its discharge of Debtor pursuant to 11 U.S.C. §727.

8.      Pursuant to 11 U.S.C. §727(d)(1), the Court should revoke the discharge granted under section 727(a) if "such discharge was obtained through the fraud of the Debtor, and the requesting party did not know of such fraud until after the granting of such discharge." Pursuant to 11 U.S.C. §727(d)(2), the Court shall revoke a discharge granted under section 727(a) if "the Debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee."

**Misrepresentations on the Debtor's Schedules and SOFA**

9.     On or about January 14, 2019 the Debtor filed his Schedules and Statement of Financial Affairs. On or about January 16, 2019, the Debtor filed his Amended Schedules and Statement of Financial Affairs ("SOFA") (Doc. 17).[1]

**Household Goods and Furnishings**

10.    In Schedule A/B, Part 3, Item 6, the Debtor listed the following items of household goods and furnishings: "5 beds and nightstands, 2 dressers, 1 glass table, 3 coffee tables, 2 dining tables and chairs, 1 end table, woven outdoor, outdoor set, 3 sofa sets, 1 sofa set outdoor, 2 book/china cases, pool table, massage chair, 2 washing machines, 2 dryers, 2 refrigerators, dishwasher, oven and other household goods."

11.    Pursuant to Order Granting Trustee's Motion Under Seal for Break Order to Take Possession of Debtor Property, entered April 29, 2021 (Doc. 502) ("Break Order"), the Trustee observed and the Debtor owns the following item missing from the above referenced property listed in Debtor's Schedule A/B, Part 3, Item 6:

   a. 1 Duke Baby Grand piano (valued by Trustee at One Thousand Five Hundred Dollars ($1,500.00))

**Electronics**

12.    In Schedule A/B Part 3, Item 7, the Debtor listed the following property under electronics: "TV: 2 x 55" + 1 projector and screen + 2 x 65"."

---

[1] Reference to Schedules and SOFA shall refer to the more recent, Amended Schedules and SOFA (Doc. 17).

13. Pursuant to the Break Order, the Trustee filed his Trustee's Inventory (Doc. 497-1), which included the following items owned by the Debtor but not listed by the Debtor on Schedule A/B, Part 3, Item 7:

   a. 6 Apple/MacBook laptop computers 15";

   b. 1 Apple/MacBook Pro Laptop computer 12";

   c. 1 Apple/MacBook computer 24";

   d. 1 Apple iPad 7";

   e. 1 Apple iPad 9";

   f. 1 Samsung Galaxy S9 cell phone in box;

   g. 1 LG cell phone – black;

   h. 1 LG cell phone – white;

   i. 2 Samsung Note tablets – 9";

   j. 1 SanDisk storage drive [attached to the Apple iMac computer 24";

   k. 1 iPad USB power adapter white;

   l. 1 Samsung USB power adapter white;

   m. 2 Apple/Mac power adapters white;

   n. 1 generic power adapter with one 1 cable; and

   o. 1 USB adapter white with black and white lighting cable.

### Jewelry

14. In Schedule A/B, Part 3, Item 12, the Debtor listed "miscellaneous" jewelry which he valued at Three Hundred Dollars ($300.00).

15. The Debtor, however, owns and the Trustee took into custody 3 Breitling watches which the Trustee is presently having appraised.

**Equipment for Sports and Hobbies**

16. In Debtor's schedules A/B, Part 3, Item 9, the Debtor answered "no" as to any equipment for sports and hobbies.

17. The Debtor, however, owns a foosball table, a ping pong table, and various items of fitness equipment located in the Debtor's home.

**Financial Assets**

18. In Schedule A/B, Part 4, the Debtor was asked to list any legal or equitable interests in deposits of money at checking, savings, or other financial accounts, certificates of deposit, and shares in credit unions, brokerage houses, and other similar institutions. The Debtor listed the following accounts:

| | | |
|---|---|---|
| Checking Account | **TD Bank** | $2,617.35 |
| Checking | **FL Community Bank** | $100.00 |
| Checking | **Transferwise** $1,929 plus 665 Euro (1 EUR = 1.1313 USD on 10/31/18 or $752.31) | $2,691.31 |
| Checking | **Ally Bank** | $510.06 |
| Checking | **Insight Credit Union** | $1,595.00 |
| Checking | **TD Ameritrade** | $3,180.81 |
| Brokerage | **TD Ameritrade** (account frozen by Court Order in the FTC litigation – see #10 on the SOFA) | $90,638.95 |
| Checking | **Bank of Ireland**     (EUROS) | $150.00 |
| Checking | **AIB** (EUROS) | $350.00 |

19. The Debtor, however, failed to list the following deposit sums in a Must Cure Obesity, Co. ("MCO") account that Debtor had legal and equitable interests in:

09/12/2018     $150,000.00          BB&T Checking Acct - 9341

5

|  |  |  |
|---|---|---|
| 09/12/2018 | $50,000.00 | BB&T Checking Acct - 9341 |
| 09/14/2018 | $150,000.00 | BB&T Checking Acct - 9341 |
| 09/14/2018 | $50,000.00 | BB&T Checking Acct - 9341 |

20. The Debtor, post-petition, also failed to disclose and list the following deposit sums for certain MCO accounts that Debtor had legal and equitable interests in:

|  |  |  |
|---|---|---|
| 12/12/2018 | $72,200.00 | BB&T CC Acct - 4947 |
| 01/09/2019 | $150,000.00 | BB&T CC Acct - 4947 |
| 07/03/2019 | $350,050.00 | BB&T Checking Acct - 9341 |
| 10/31/2019 | $250,000.00 | BB&T Checking Acct - 9341 |
| 06/04/2020 | $100,000.00 | BB&T Checking Acct - 9341 |
| 10/01/2020 | $250,000.00 | BB&T Checking Acct - 9341 |

21. Evidence of the deposited sums described above in paragraphs 19-20 was testified to[2] and is set forth in the ledger produced by (now former) creditor Karan Arora, owner of Natural Vitamins Laboratory Corp. ("NVLC"), attached hereto as Exhibit "A."

---

[2] At his continued 2004 examination on June 23, 2021 (Doc. 525), Karan Arora testified at length about funds his company, NVLC, retained / held on deposit for Debtor before and during the Debtor's bankruptcy, that were never disclosed by Debtor (or Mr. Arora until June 23, 2021). Mr. Arora also testified and provided the ledger (attached as Exhibit "A") showing funds returned to MCO / the Debtor within one year prior to the Debtor's petition, and funds returned to the Debtor during the Bankruptcy. Mr. Arora testified that although MCO is identified as the depositor and the recipient of returned funds, that designation is not entirely accurate and that funds belonged to the Debtor. Furthermore, Mr. Arora testified and provided documentary support showing that some of the funds returned to the Debtor was done so by sending funds to Debtor's wife's newly acquired company, United Medical Group International, Inc. ("UMGI"), at Debtor's instruction and direction. Debtor had and continued to have legal and equitable interests in and full control over the MCO accounts and the funds therein. The transcript of Mr. Arora's testimony will be provided to this Court either through discovery or upon Plaintiff's receipt of such.

## SOFA

22. In Debtor's Statement of Financial Affairs for individuals filing for bankruptcy, Part 8, Question 20, the Debtor was asked to disclose whether any financial accounts or instruments held in his name or for his benefit were closed, sold, moved, or transferred within one year before his bankruptcy filing.

23. The Debtor's response was there was an account at Fifth Third Bank with a balance of Three Hundred and Twenty-Seven Dollars ($327.00), closed, moved, or transferred on April 20, 2018 and that an account at Sun Trust with a balance of One Thousand Dollars ($1,000.00), was closed, moved, or transferred on July 9, 2018.

24. Upon information and belief, the Debtor, however, omitted the following:

a. An account of MCO at Fifth Third Bank which was closed in June of 2018, after the Debtor procured four cashier's checks totaling One Hundred and Forty-Four Thousand Seventy-Seven Dollars ($144,077.00); and

b. An undisclosed account at Mainstreet Bank, which was closed on September 4, 2018, after Debtor withdrew Thirty Thousand Nine Hundred Thirty-Nine and 20/100 ($39,939.20).

True and correct copies of the bank statements evidencing the above transactions described in paragraph 24(a)-(b) are set forth in Composite Exhibit "B" attached hereto.

## COUNT I – REVOCATION OF DISCHARGE PURSUANT TO 11 U. S. C. §727(d)(1)

25. Plaintiff repeats and realleges the allegations contained in paragraphs 1-24 above, as if fully set forth herein.

26. The actions of the Debtor as described above including, but not limited to, (i) failing to report all household goods and furnishings, (ii) concealing and failing to report

7

approximately 15 substantive electronic items, (iii) concealing items of jewelry and sports equipment from the creditors and trustee, (iv) concealing and failing to report hundreds of thousands of dollars received from NVLC that the Debtor had legal and equitable interests in as to the MCO BB&T account(s) identified in Exhibit "A", and (v) failing to report $39,939.20 from an MCO account at Mainstreet Bank, $144,077.00 from an MCO account at Fifth Third Bank, and withdrawing all of said funds for the benefit of Debtor and without notifying the trustee or creditors – establish that the Debtor withheld, concealed, and improperly transferred certain assets and information from the Plaintiff, creditors, and the Chapter 7 trustee, relating to the Debtor's property and financial affairs.

27. As a result and related thereto, the Debtor's discharge was obtained through the fraud of the Debtor.

28. The Debtor knew or had constructive knowledge of his fraudulent actions and omissions regarding his property and financial affairs.

29. Plaintiff was unaware of the Debtor's falsehoods and fraudulent actions/omissions at the time the discharge was granted on June 26, 2020.

30. Based upon the foregoing, Plaintiff seeks a declaration and determination that the Debtor's discharge should be revoked pursuant to 11 U.S.C. § 727(d)(1).

**COUNT II – REVOCATION OF DISCHARGE PURSUANT TO 11 U. S. C. § 727(d)(2)**

31. Plaintiff repeats and realleges the allegations contained in paragraphs 1-24 above, as if fully set forth herein.

32. The actions of the Debtor as described above including, but not limited to, (i) acquiring significant funds from NVLC that the Debtor had legal and equitable interests in as to the MCO BB&T account(s) identified in Exhibit "A" that should be property of the estate, and (ii)

failing to report $39,939.20 from an MCO account at Mainstreet Bank, $144,077.00 from an MCO account at Fifth Third Bank, and withdrawing all of said funds for the benefit of Debtor and without notifying the trustee or creditors – establish that the Debtor acquired property that is or otherwise would be property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the Trustee.

33.    Based upon the foregoing, Plaintiff seeks a declaration and determination that the Debtor's discharge should be revoked pursuant to 11 U.S.C. § 727(d)(2).

WHEREFORE, Plaintiff seeks a judgement in its favor and against the Debtor, Don Karl Juravin, revoking the Debtor's discharge pursuant to 11 U. S. C. § 727 (d)(1)-(2), and for such other in further relief as this court deems just and proper.

DATED: June 25, 2021

Respectfully submitted,

*/s/ William C. Matthews*
**MICHAEL D. CROSBIE, ESQ.**
Florida Bar No.: 72575
mcrosbie@shutts.com
**WILLIAM C. MATTHEWS, ESQ.**
Florida Bar No.: 0112079
wmatthews@shutts.com
**SHUTTS & BOWEN LLP**
300 S. Orange Avenue, Suite 1600
Orlando, Florida 32801
407-423-3200; 407-425-8316 (f)
*Attorneys for Bella Collina Property Owner's Association, Inc.*

ORLDOCS 18776251 8