UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| DON KARL JURAVIN, | ) | Case No. 6:18-bk-6821-KSJ |
| | ) | Case No. 6:20-bk-1801-KSJ |
| Debtor. | ) | *Jointly Administered with* |
| _____ | ) | Case No. 6:18-bk-6821-KSJ |
| | ) | |
| BELLA COLLINA PROPERTY | ) | |
| OWNER'S ASSOCIATION, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 6:21-ap-00103-KSJ |
| | ) | |
| DON KARL JURAVIN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MOTION TO DISMISS ADVERSARY PROCEEDING**

NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST FOR HEARING

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 400 W. Washington Street, Suite 5100, Orlando, Florida 32801 within fourteen (14) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and granny or deny the relief requested in this paper without a hearing.  If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice of hearing.

You should read these papers carefully and discuss them with your attorney if you have one.  If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

1

The Defendant, Don Karl Juravin ("Debtor" or "Juravin"), by and through undersigned counsel, and pursuant to F.R.B.P. 7012, hereby files this Motion to Dismiss Adversary Proceeding, and in support thereof further states as follows:

## Background

1. The Debtor filed a voluntary petition for relief under Chapter 7 of Bankruptcy Code on October 31, 2018 (the "Petition Date").

2. Pursuant to an Order Granting Motion to Extend Time (Doc. No. 309), the Creditor/Plaintiff, Bella Collina Property Owner's Association, Inc. ("Bella Collina") was granted an extension of time to file an objection to discharge until June 15, 2020.

3. On June 26, 2020, considering that no objection to the Debtor's ability to receive a discharge was filed, the Court entered an Order of Discharge (Doc. No. 369).

4. On June 25, 2021, more than two and half years post-petition, and a year after the Discharge was entered, Bella Collina filed the instant adversary proceeding to revoke the Debtor's discharge pursuant to 11 U.S.C. §§ 727(d)(1) & (d)(2).

5. The Creditor's complaint is based on the Debtor's alleged failure to disclose assets on his petition and schedules.

6. There are two categories of information that the Creditor alleges are grounds to revoke the Debtor's discharge: (i) personal items of the Debtor not listed on the petition and schedules; and (ii) bank accounts that were in the name of Must Cure Obesity Co., a Florida corporation, that were not listed in the Debtor's individual case.

7. The second category is the most significant part of the Complaint.

8. The Creditor alleges that the Debtor's failure to disclose accounts at BB&T, Fifth Third Bank, and Mainstreet Community Bank, all solely in the name of Must Cure Obesity Co., gives rise to a cause of action to revoke the Debtor's discharge.

9. The Creditor's complaint fails, on its face (including all exhibits), to establish all of the elements of causes of action under Sections 727(d)(1) & (d)(2) of the Bankruptcy Code.

10. The Creditor Complaint fails to two primary grounds: (1) the Debtor was not required to list the assets of Must Cure Obesity Co. on his personal petition and schedules; and (2) the Creditor has failed to plead, with any specificity, that the Debtor actively concealed the allegedly undisclosed items and/or information during the course of his bankruptcy case.

## Argument

11. "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint and request that the court determine whether the complaint sets forth sufficient allegations to establish a claim for relief." *Gainer v. City of Winter Haven*, 134 F.Supp.2d 1295, 1304 (M.D. Fla. 2000). "Generally, in ruling on a motion to dismiss, the court relies on the complaint, attached exhibits, and matters of public record, including other judicial proceedings." *Sands v. McCormick*, 502 F.3d 263, 268 (3d. Cir. 2008).

**A.    Bella Collina Fails to State a Claim Under Section 727(d)(1).**

12. Under Section 727(d)(1) of the Bankruptcy Code, a court shall revoke the discharge of the debtor if "such discharge was obtained through fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge."

13. Bella Collina must plead that the debtor obtained his discharge through fraud and that they were unaware of the fraud until after the discharge was granted.

14. The Creditor couches most of its allegations on the failure of the individual debtor, Don Karl Juravin ("Juravin"), to list all of the bank accounts in the name of Must Cure Obesity Co. in his petition and schedules.

15. Exhibits A, B and C to the Complaint all demonstrate bank accounts that were solely in the name of Must Cure Obesity Co., and not in the name of Juravin.

16. The Debtor was not required to disclose all of the assets of Must Cure Obesity Co. in his petition and schedules, since such accounts were assets of Must Cure Obesity Co. and not the Debtor.

17. The Debtor was only required to list his ownership interest in Must Cure Obesity Co, which he did. The Creditor also claims that various electronic items were not disclosed, however, they did not distinguish whether those assets were personal or corporate.

18. A failure to disclose information that is not required to be disclosed does not constitute obtaining a discharge through fraud.

19. "[W]here the existence of the corporation itself is clearly disclosed on the schedules, the Court cannot find fraud in the omission of individual assets belonging, not to the Debtor, but to the Debtor's corporation." *BTE Concrete Formwork, LLC v. Arbaney (In re Arbaney)*, 345 B.R. 293, 310 (Bankr. D. Colo. 2006).

**B.    Bella Collina Fails to State a Claim Under Section 727(d)(2).**

20. Under Section 727(d)(2) of the Bankruptcy Code, a court shall revoke the discharge of the debtor if "the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee."

21. The Creditor's Complaint focuses on money that was received by Must Cure Obesity Co. from Natural Vitamins Laboratory Corp.

22. The Complaint simply makes the bald accusation that the monies deposited into bank accounts owned solely by Must Cure Obesity Co. were property of Juravin's bankruptcy estate.

23. The simple fact that a debtor owns a small business, which continues to operate during the debtor's individual bankruptcy case, is not grounds for revocation of the debtor's discharge.

24. There are insufficient allegations in the Complaint from which the Court can infer that the earnings of Must Cure Obesity Co. became assets of Juravin during his bankruptcy case.

WHEREFORE, the Defendant, Don Karl Juravin, respectfully requests this Honorable Court enter an Order: (i) dismissing this adversary proceeding, and (ii) granting any such further relief that this Court deems just and proper under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on Michael D. Crosbie, Esq. and William C. Matthews, Esq. of Shutts & Bowen LLP (mcrosbie@shutts.com & wmatthews@shutts.com), this 28th day of July, 2021.

                                                    */s/ Aldo G. Bartolone, Jr.*
                                                    ALDO G. BARTOLONE, JR.
                                                    Florida Bar No. 173134
                                                    BARTOLONE LAW, PLLC
                                                    1030 N. Orange Ave., Suite 300
                                                    Orlando, Florida 32801
                                                    Telephone: 407-294-4440
                                                    Facsimile: 407-287-5544
                                                    E-mail: aldo@bartolonelaw.com
                                                    *Attorneys for Debtor-Defendant*