**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 7 |
| DON KARL JURAVIN, | Case No. 6:18-bk-06821-KSJ |
| | Case No. 6:20-bk-1801-KSJ |
| Debtor. | *Jointly Administered with* |
| _____/ | Case No. 6:18-bk-6821-KSJ |
| BELLA COLLINA PROPERTY OWNER'S ASSOCIATION, INC., | |
| | Adv. Proc. No.: 6:21-ap-00103-KSJ |
| Plaintiff, | |
| vs | |
| DON KARL JURAVIN, | |
| Defendant. | |
| _____/ | |

**BELLA COLLINA PROPERTY OWNER'S ASSOCIATION, INC.'S RESPONSE IN OPPOSITION TO JURAVIN'S MOTION TO DISMISS ADVERSARY PROCEEDING**

Creditor and the plaintiff, Bella Collina Property Owner's Association, Inc. ("plaintiff" or "BCPOA"), through its undersigned counsel, responds in opposition to the Debtor and the defendant, Don Karl Juravin's ("defendant" or "Debtor"), Motion to Dismiss Adversary Proceeding ("Motion to Dismiss"), and in support thereof, states as follows.

**INTRODUCTION**

The plaintiff properly and sufficiently alleged claims against the defendant under 11 U.S.C. §727(d)(1)-(2) in its Complaint, filed on June 25, 2021 (the "Complaint"). In his Motion to Dismiss, the defendant does not attack the legal sufficiency of the counts alleged, but rather argues facts associated with the claims that are more appropriately argued at a later stage of the litigation.

This is inappropriate, especially because the Complaint's allegations are presumed to be true and all factual inferences must be drawn in favor of the plaintiff and against the defendant. *See Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1291 (11th Cir. 2007). The plaintiff sufficiently alleged that the defendant knowingly and fraudulently concealed property and assets from the creditors, the Chapter 7 trustee (the "Trustee"), and this Court. The defendant knowingly and fraudulently failed to report a variety of assets, many of which were not discovered until after the defendant's discharge was entered. The elements of §727(d)(1)-(2) claims were properly alleged and as a result, the Motion to Dismiss should be denied by this Court.

## ARGUMENT

### A. Motion to Dismiss Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure, as interpreted by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), requires that a complaint "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). To survive a motion to dismiss, a plaintiff's allegations need merely "nudge the claim 'across the line from conceivable to plausible.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (quoting *Twombly*, 550 U.S. at 570). Although "threadbare recitals of the elements of a cause of action . . . do not suffice," a claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), again, the factual allegations set forth in a complaint are presumed to be true and all factual inferences must be drawn in favor of the plaintiff and against the defendant. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1291 (11th Cir.

2007); *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1198 fn 2 (11th Cir. 2001); *Tabas v. Greenleaf Ventures, Inc. (In re Flagship Healthcare, Inc.)*, 269 B.R. 721, 725 (Bankr. S. D. Fla. 2001). Moreover, the court places a very high burden on the defendant to show that a plaintiff cannot conceivably prove any set of facts which would entitle him to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989); *Beck v. Deloitte & Touche et al.*, 144 F.3d 732, 735-36 (11th Cir. 1998); *Flagship Healthcare*, 269 B.R. at 726. In sum, motions to dismiss are "viewed with disfavor and rarely granted." *Brooks v. Blue Cross & Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997) citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967).

### B. <u>Plaintiff's Well-Pled Allegations Set Forth Facts Establishing that Plaintiff is Entitled to Relief on Each of its Claims</u>

The plaintiff's well-pled allegations, which must be accepted as true for purposes of ruling on a Motion to Dismiss, properly set forth facts upon which relief may be granted. *See Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1291 (11th Cir. 2007) (in ruling on motion to dismiss, all facts alleged by plaintiff must be accepted as true).

#### i. Plaintiff Has Properly and Sufficiently Alleged a Claim under 11 U.S.C. §727(d)(1)

The defendant seeks to dismiss Count I – Revocation of Discharge Pursuant to 11 U.S.C. §727(d)(1) by essentially arguing that some of the allegations in the Complaint are false and thus this Court should dismiss the Complaint. This is woefully insufficient given the existing legal standard, ignores other sufficient allegations regarding the defendant's other possessions, and is also untrue.

The plaintiff sufficiently plead that the defendant knowingly made multiple fraudulent omissions and misrepresentations on his Amended Schedules and Statement of Financial Affairs

("SOFA"). [Doc. 1, ¶¶ 9-20; 25-29]. The plaintiff highlights to the Court the numerous omissions in the defendant's SOFA including, but not limited to, household goods and furnishings, electronics, jewelry, sports/hobby equipment, and certain financial assets. *Id.* at ¶¶ 9-24. The plaintiff alleged over thirty (30) fraudulent omissions / misrepresentations / acts of concealment from the defendant in his SOFA. Furthermore, the defendant's Motion to Dismiss is ironic considering many of the household items fraudulently omitted from the defendant's SOFA would not have been known to the plaintiff but for this Court's break order [Doc. 502] ("Break Order") – entered after the discharge was granted and as a result of concerns over the defendant destroying and/or concealing estate assets.

The plaintiff alleges the defendant knew or had constructive knowledge of his actions / omissions regarding his property [Doc. 1, ¶28]; that he withheld, concealed, and improperly transferred certain assets and information from the plaintiff, creditors, the Trustee, and this Court [Doc. 1, ¶26]; and that the plaintiff was unaware of the defendant's misrepresentations and fraudulent actions at the time his discharge was granted on June 26, 2020 [Doc. 1, ¶29]. Taking these allegations as true for purposes of this Motion to Dismiss, the plaintiff has sufficiently pled a claim under 11 U.S.C. §727(d)(1). Furthermore, it appears that the defendant does not dispute these allegations as it pertains to personal property as the Motion to Dismiss only focuses on the financial accounts allegations, not the other half of the Complaint. In short, this in and of itself, demonstrates that the Motion to Dismiss should be denied and the Complaint sufficiently alleges a claim under §727(d)(1).

As it pertains to the financial accounts, the defendant misses the point and simply argues that because the accounts were in the name of Must Cure Obesity Co. ("MCO"), the defendant did not need to disclose these assets. [Doc. 6, ¶¶14-17]. This is false. As alleged in the Complaint,

after certain post-discharge discovery was held by the Trustee and creditors, it was discovered that the defendant held on deposit approximately $1.5 million dollars with Natural Vitamins Laboratory Corp. ("NVLC") under the corporate guise of MCO. [Doc. 1, ¶21]. It was uncovered that the funds actually belonged to the defendant and the defendant had full and unfettered control over such. *Id.*

Put differently, the defendant undoubtedly had "legal and equitable interest" in the concealed and withheld funds on deposit with NVLC and eventually returned to the defendant, through MCO. These funds were knowingly and fraudulently concealed by the defendant during his Chapter 7 bankruptcy and the plaintiff did not become aware of such until after the Discharge was granted. The same is true regarding the cashier check withdrawals from MCO accounts as well. All of these facts were sufficiently pled in the Complaint [Doc. 1, ¶¶ 18-20; 25-29]. Thus, taking those allegations as true, the plaintiff alleged a sufficient §727(d)(1) claim and the Motion to Dismiss fails.

### ii. Plaintiff Has Properly and Sufficiently Alleged a Claim under 11 U.S.C. §727(d)(2)

Similar analysis as set forth above also applies to the defendant's argument that the plaintiff failed to state a claim under 11 U.S.C. §727(d)(2). The defendant, presenting no tangible legal argument, argues that the allegations are untrue and that as a result, the plaintiff's adversary action should be dismissed. This, of course, ignores the Motion to Dismiss legal standard and is also false.

It is undisputed that the defendant has a legal and equitable interest in MCO and its funds. He admits such in section 19 of his SOFA when indicating 100% ownership of MCO. As alleged in the Complaint, it has come to light through post-discharge discovery that the defendant has been using MCO as his own personal coffer. [Doc. 1, ¶21]. The defendant has full control of the MCO account and uses it towards his personal benefit. *Id.* As testified to by Mr. Arora and shown on

Exhibit "A" to the Complaint, the defendant received over $1 million dollars returned to the defendant (through MCO) after the defendant filed his SOFA. *Id.* Over $1.5 million dollars was held on deposit with NVLC and eventually returned to the defendant from late 2018 to 2020. *Id.* These funds are the property of the estate and at a minimum, should have been reported by the defendant.

The defendant, however, knowingly and fraudulently failed to report the newly acquired property/funds or surrender such to the trustee. There was not one mention of the over $1 million dollars returned to the defendant, through MCO, after the defendant filed his Chapter 7 petition. The plaintiff alleges this in the Complaint. [Doc. 1, ¶¶31-33]. Moreover, the funds converted to personal cashier's checks from certain MCO accounts within one year of the defendant's bankruptcy filing were never reported either. *Id.* at ¶¶22-24. This was done by the defendant knowingly and fraudulently, as alleged in the Complaint. Therefore, taking the Complaint's allegations as true, the plaintiff properly alleged a claim under 11. U.S.C. §727(d)(2).

WHEREFORE, the plaintiff respectfully requests this Court deny the defendant's Motion to Dismiss the Adversary Action, order the defendant to answer the operative Complaint, and for such other relief as this Court deems appropriate.

DATED: August 11, 2021.

> */s/ William C. Matthews*
> **MICHAEL D. CROSBIE, ESQ.**
> Florida Bar No.: 72575
> mcrosbie@shutts.com
> **WILLIAM C. MATTHEWS, ESQ.**
> Florida Bar No.: 0112079
> wmatthews@shutts.com
> **SHUTTS & BOWEN LLP**
> 300 S. Orange Avenue, Suite 1600
> Orlando, Florida 32801
> 407-423-3200; 407-425-8316 (f)
> *Attorneys for Bella Collina Property*
> *Owner's Association, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 11, 2021 a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system which will serve all interested persons receiving electronic notice, including Aldo G. Bartolone, Jr., Esq. (aldo@bartolonelaw.com).

*/s/ William C. Matthews*
**WILLIAM C. MATTHEWS, ESQ.**

ORLDOCS 18897188 1