ORDERED.

**Dated: October 05, 2023**

Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re<br><br>Don Karl Juravin,<br><br>Debtor. | Chapter 7<br>Case No. 6:18-bk-06821-LVV<br>Case No. 6:20-bk-01801-LVV<br><br>Jointly Administered with<br>Case No. 6:18-bk-06821-LVV |
| Bella Collina Property<br>Owners Association, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Don Karl Juravin,<br><br>Defendant. | Case No. 6:21-ap-00103-LVV<br>(Consolidated with Case Nos.<br>6:21-ap-00142-LVV and<br>6:22-ap-00019-LVV)<br><br>Applicable Proceeding:<br>Case No. 6:21-ap-00103-LVV |

**ORDER DENYING JOINT MOTION**
**FOR SUMMARY JUDGMENT TO REVOKE DISCHARGE**

THIS PROCEEDING came before the Court without a hearing on the Joint Motion for Summary Judgment to Revoke Discharge, as supplemented ("Motion") (Doc. Nos. 105, 148), filed by Bella Collina Property Owners Association, Inc. and Dennis D. Kennedy as Chapter 7 Trustee (collectively "Plaintiffs") and the response to the Motion filed by Defendant, Don Karl Juravin ("Debtor" or "Defendant"). Having reviewed the Motion and its exhibits and declarations in

support thereof, as supplemented, along with Debtor's response and Plaintiffs' reply, and considering the summary judgment standard under Fed. R. Civ. P. 56, the Motion is denied.

Plaintiffs request summary judgment on all counts of the complaint seeking to revoke Debtor's discharge under 11 U.S.C. § 727(d)(1) and (2). Plaintiffs argue no genuine issue as to any material fact exists that Debtor obtained the discharge through fraud by not disclosing his legal and equitable interests in funds held by other entities—Natural Vitamins Laboratory Corp. ("NVLC"), United Medical Group International ("UMGI") or Must Cure Obesity, Co. ("MCO")—and that Debtor knowingly and fraudulently failed to report the entitlement or acquisition of such funds that is or became property of the estate to the Trustee. In support of their Motion, Plaintiffs rely on the Declaration by Karan Arora, president of NVLC ("Arora Declaration") to support that funds held by NVLC belonged to MCO or Debtor.[1] Recently, Plaintiffs supplemented their Motion to address "discrepancies and inaccuracies" in the Arora Declaration, which Plaintiffs assert only broaden the nature of the fraud committed by Debtor.[2] Debtor denies Plaintiffs met their burden arguing Plaintiffs had possession or access to the information regarding the transactions before his discharge and that he disputes statements made in the Arora Declaration.[3] Debtor requests that trial proceed which is scheduled next month.

Under Federal Rule of Civil Procedure 56(a), incorporated by Federal Rule of Bankruptcy Procedure 7056, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "always bears the initial responsibility" of informing the court of the basis for its motion and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S.

---

[1] Doc. No. 106.
[2] Doc. No. 148. Plaintiffs filed the supplement on September 20, 2023.
[3] Doc. No. 129, p. 6-7,

317, 323 (1986). Once movant establishes the absence of a genuine issue of material fact, it is up to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. In reviewing a motion for summary judgment, the court's focus is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Excess Risk Underwriters, Inc. v. Lafayette Life Ins. Co.*, 328 F. Supp. 2d 1319, 1329 (S.D. Fla. 2004) (quoting *Allen v. Tyson Foods, Inc*., 121 F.3d 642, 646 (11th Cir.1997).

Plaintiffs have not met their burden. The credibility of Debtor and Plaintiffs' witness, Karan Arora, are at issue. Debtor disputes statements made in the Arora Declaration and Plaintiffs concede the Arora Declaration contains some discrepancies and inaccuracies. Although Plaintiffs argue such inaccuracies ultimately support their claims to revoke Debtor's discharge, the Court cannot simply overlook that the credibility of Karan Arora is at issue given the significant number of inaccuracies claimed.[4] Such creditability determinations or the weighing of evidence are inappropriate at summary judgment. *Aamodt v. Narcisi (In re Narcisi)*, 539 B.R. 385, 391(Bankr. M.D. Fla. 2015).

Furthermore, to the extent Plaintiffs do have a well-supported summary judgment for revocation of Debtor's discharge the Court believes the better course under these circumstances is to proceed to trial. *See Furr v. Genetic & Woods, Inc. (In re Vargas)*, Case No. 22-11703, 2023 WL 2621245 (Bankr. S.D. Fla. Mar. 23, 2023) citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986) (court has discretion to deny summary judgment if the better course is to proceed to full trial). Trial is scheduled next month. The creditability of the Debtor and Karan Arora are at issue. Plaintiffs seek to revoke the Debtor's discharge for allegations of fraud. The Court prefers

[4] Plaintiffs' supplement identify inaccuracies in paragraphs 5, 6-14, 15, and 25-31 of the Arora Declaration.

to consider Debtor's testimony along with any witnesses in-person at trial before rendering a decision. Accordingly, it is

**ORDERED** that Plaintiffs' Joint Motion for Summary Judgment to Revoke Discharge (Doc. No. 105) is DENIED.

###

Attorney James A. Timko directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a Proof of Service within 3 days of entry of the order