ORDERED.

**Dated: January 26, 2024**



Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re<br><br>Don Karl Juravin,<br><br>Debtor. | Chapter 7<br>Case No. 6:18-bk-06821-LVV<br>Case No. 6:20-bk-01801-LVV<br><br>Jointly Administered with<br>Case No. 6:18-bk-06821-LVV |
| Bella Collina Property<br>Owners Association, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Don Karl Juravin,<br><br>Defendant. | Case No. 6:21-ap-00103-LVV<br>(Consolidated with Case Nos.<br>6:21-ap-00142-LVV and<br>6:22-ap-00019-LVV)<br><br>Applicable Proceeding:<br>Case No. 6:21-ap-00103-LVV |

**ORDER DENYING RENEWED JOINT**
**MOTION FOR SUMMARY JUDGMENT TO REVOKE DISCHARGE**

THESE PROCEEDINGS came before the Court to consider the Renewed Joint Motion for Summary Judgment to Revoke Discharge ("Motion") (Doc. No. 271), filed by Bella Collina Property Owners Association, Inc. and Dennis D. Kennedy as Chapter 7 Trustee (collectively "Plaintiffs") and the response to the Motion, as supplemented,[1] filed by Defendant, Don Karl

[1] Doc. Nos. 283, 299.

Juravin ("Debtor" or "Defendant"). Having reviewed the Motion, its exhibits and declaration in support thereof, along with Debtor's response and Plaintiffs' reply, and considering the summary judgment standard under Fed. R. Civ. P. 56, the Motion is denied.[2]

Previously, this Court denied Plaintiffs' request for summary judgment on all counts of the complaint seeking to revoke Debtor's discharge under 11 U.S.C. § 727(d)(1) and (2) ("Order Denying Summary Judgment").[3] For the reasons stated in the Order Denying Summary Judgment, the Court found Plaintiffs had not met their initial burden for summary judgment and to the extent Plaintiffs did have a well-supported summary judgment, the better course under these circumstances was to proceed to trial. The Court specifically referred to credibility issues involving the Debtor and Plaintiffs' witness, Karan Arora, which made summary judgment inappropriate.

About two months after entry of the Order Denying Summary Judgment, Plaintiffs filed the Motion renewing their request for summary judgment. Plaintiffs argue new evidence rectifies this Court's concerns of credibility and establishes that there is no genuine dispute as to any material fact. The Court disagrees.

Under Federal Rule of Civil Procedure 56(a), incorporated by Federal Rule of Bankruptcy Procedure 7056, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "always bears the initial responsibility" of informing the court of the basis for its motion and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S.

[2] Doc. Nos. 271, 272, 283, 287, 299. The Court announced at the hearing on January 16, 2024 that the Motion would be denied. Plaintiffs requested the Court again the review the Motion, so the Court took the matter under advisement. After the hearing, Mr. Juravin supplemented his response to the renewed motion for summary judgment (Doc. No. 299). The Court reviewed and considered the renewed motion, its exhibits, declarations, responses, replies and supplements in reaching this decision and consistent with its previous announcement, denies the Motion.
[3] Doc. No. 167. The Court entered the order denying summary judgment on October 5, 2023.

317, 323 (1986). Once movant establishes the absence of a genuine issue of material fact, it is up to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. In reviewing a motion for summary judgment, the court's focus is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Excess Risk Underwriters, Inc. v. Lafayette Life Ins. Co.*, 328 F. Supp. 2d 1319, 1329 (S.D. Fla. 2004) (quoting *Allen v. Tyson Foods, Inc*., 121 F.3d 642, 646 (11th Cir. 1997).

Again, Plaintiffs have not met their burden. Plaintiffs' new evidence consists of a modified declaration of Karan Arora ("Arora Declaration"),[4] excerpts from a deposition transcript of Emerson Medina ("Medina Transcript"),[5] and a deposition transcript of Anna Juravin ("Anna Transcript").[6] Except for an adjustment in calculations, the Arora Declaration is almost identical to the one previously submitted and considered by the Court.[7] It does not change, nor could it, Mr. Arora's prior testimony at a Rule 2004 examination.[8] The Medina Transcript does not resolve the dispute or credibility issues either. The Medina Transcript refers to charts or spreadsheets not attached to the excerpts submitted. The Court cannot assume the charts and spreadsheets referenced in the Medina Transcript are identical to the ones attached to the Arora Declaration. As a result, Mr. Medina's references to charts or spreadsheets and the information therein are not part of the record. This leaves the Anna Transcript and Plaintiffs' reliance on negative inferences taken from her refusal to answer certain questions by asserting her Fifth Amendment privilege. The

[4] Doc. No. 272.
[5] Doc. No. 271, Ex. L.
[6] Doc. No. 271, Ex. M.
[7] *Compare* Doc. No. 106 and Doc. No. 272.
[8] Doc. No. 105, Ex. H and Ex. I.

Court cannot rely solely on negative inferences to grant summary judgment. *SSH2 Acquisitions, Inc. v. Howard*, No. 10-61703, 2012 WL 668042 at *2 (S.D. Fla. Feb. 29, 2012).[9]

At this time, the record does not support granting Plaintiffs summary judgment. Credibility of Plaintiffs' witnesses and the Defendants are at issue. Such credibility determinations or the weighing of evidence are inappropriate at summary judgment. *Aamodt v. Narcisi (In re Narcisi)*, 539 B.R. 385, 391(Bankr. M.D. Fla. 2015). The Court prefers to consider Debtor's testimony along with any witnesses in-person at trial before rendering a decision. *See Furr v. Genetic & Woods, Inc. (In re Vargas)*, Case No. 22-11703, 2023 WL 2621245 (Bankr. S.D. Fla. Mar. 23, 2023) citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (court has discretion to deny summary judgment if the better course is to proceed to full trial). Accordingly, it is

**ORDERED** that Plaintiffs' Renewed Joint Motion for Summary Judgment to Revoke Discharge (Doc. No. 271) is DENIED.

###

Attorney James A. Timko directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a Proof of Service within 3 days of entry of the order.

---

[9] The Court agrees that in civil cases, "the Fifth Amendment does not forbid adverse inferences against parties…when they refuse to testify in response to probative evidence offered against them." *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976). Negative inferences drawn from an assertion of the Fifth Amendment; however, cannot be substituted for the evidence needed to meet the burden of production. *Avirgan v. Hull*, 932 F.2d 1572, 1580 (11th Cir. 1991). Because Plaintiffs failed to meet their initial burden by reference to materials on file that no genuine dispute as to any material fact exists, Plaintiffs cannot solely rely on negative inferences from the Anna Transcript to prevail on summary judgment.